JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

VICTOR KOSZI

**(b)** County of Residence of First Listed Plaintiff: Northampton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mansour Law, LLC
961 Marcon Blvd., Ste. 425
Allentown, PA 18109 Tel: (610) 321-3538

## DEFENDANTS

UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES

County of Residence of First Listed Defendant: ______
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
29 U.S.C. § 621 et seq.

Brief description of cause:
Age discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE: 11/12/2026

SIGNATURE OF ATTORNEY OF RECORD: William P. Mansour

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: 2440 Emrick Boulevard, Bethlehem, PA 18020

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*______________ ______________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Victor Koszi | : | CIVIL ACTION |
| v. | : | |
| Universal Protection Service, LLC d/b/a Allied Universal Security Services | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| | | |
|---|---|---|
| 11/12/2026 | William P. Mansour | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 321-3538 | (610) 798-1345 | wpm@themansourfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VICTOR KOSZI, | ) | |
| Plaintiff, | ) | No. ____________________ |
| v. | ) | |
| UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES, | ) | CIVIL ACTION – LAW |
| Defendant. | ) | |

## COMPLAINT

NOW COMES, Plaintiff Victor Koszi ("Plaintiff"), by and through his undersigned counsel, who complains against Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Defendant") and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action against Defendant for age discrimination under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621 *et seq.* As alleged in more detail below, Defendant discharged Plaintiff because of his age and promptly re-assigned his job duties to substantially younger and less experienced employees.

### PARTIES

2. Plaintiff is an adult individual who currently resides in Bethlehem, Northampton County, Pennsylvania.

3. Plaintiff was born on March 11, 1958 and was 67 years of age at the time Defendant terminated his employment on February 2, 2026

4. Defendant is a Delaware limited liability company with a registered business address 450 Exchange, Irvine, CA 92602. Defendant's principal place of business is located at 161 Washington Street, Suite 600, Conshohocken, PA 19428.

5. At all relevant times, Defendant employed at least twenty employees and was an "employer" within the meaning of the ADEA.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the ADEA.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District

## ADMINISTRATIVE EXHAUSTION

8. On July 31, 2026, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") (EEOC Charge No. 530-2026-08670) alleging age discrimination against Defendant.

9. Plaintiff requested that the Charge be dual-filed with the Pennsylvania Human Relations Commission ("PHRC").

10. On August 16, 2026, the EEOC issued Plaintiff a Determination and Notice of Rights relative to his Charge. A true and correct copy of the EEOC's Determination is attached hereto as **Exhibit A** and is incorporated herein by reference.

11. Plaintiff has commenced this action within ninety days of receiving the Notice of Rights and has satisfied all other conditions precedent to suit under the ADEA.

## FACTUAL ALLEGATIONS

12. On or about November 5, 2020, Defendant hired Plaintiff as a Flex Officer when he was approximately 62 years old.

13. In approximately January 2021, Defendant promoted Plaintiff to Field Supervisor.

14. In approximately March 2021, Defendant again promoted Plaintiff, this time to Operations Manager.

15. As Operations Manager, Plaintiff's responsibilities included scheduling for approximately 38 client sites, interviewing and hiring applicants, processing payroll, handling after-hours call-offs, and locating coverage for open shifts.

16. Plaintiff remained qualified to perform the Operations Manager position and had more than five years of service with Defendant by the time of his termination.

17. In January 2026, in the presence of Client Manager Anthony Robisch and other employees, Plaintiff stated that he would be able to begin collecting Social Security in March 2026 when he turned 68 years old.

18. Plaintiff's statement directly communicated to Robisch that Plaintiff was approaching age 68 and was becoming eligible to collect Social Security benefits, circumstances commonly associated with retirement.

19. On January 28, 2026, Robisch directed Plaintiff to obtain security coverage for a temporary assignment for a client that Branch Manager Ray Moses had previously stated Defendant would no longer service because of the client's delayed payment for prior services.

20. Plaintiff questioned why Defendant was reversing the prior direction and, during the email exchange, described the decision as “ridiculous.”

21. At the same time, a major snowstorm affecting the Lehigh Valley and Pocono region was causing numerous employee call-offs at Defendant's regular client sites.

22. Plaintiff advised Robisch that he would address the temporary assignment after securing coverage for the urgent call-offs affecting Defendant's regular clients.

23. Robisch did not assist Plaintiff with the numerous call-offs. Another manager assisted with the temporary assignment, and that assignment was ultimately covered.

24. Only five days later, on February 2, 2026, Robisch called Plaintiff into the Branch Manager's office and terminated Plaintiff's employment.

25. Defendant's termination paperwork asserted that Plaintiff had failed to perform his duties in a satisfactory manner and had a "bad attitude."

26. After more than five years of employment, Defendant gave Plaintiff approximately 30 minutes to clear out his office.

27. Defendant's stated reasons for terminating Plaintiff were false, exaggerated, and pretextual.

28. The temporary assignment cited in connection with the dispute was covered, and Plaintiff had been performing a central function of his Operations Manager position by prioritizing and securing coverage for numerous urgent call-offs during a major snowstorm.

29. Defendant seized on a single workplace disagreement as a purported basis for abruptly ending Plaintiff's employment shortly after Plaintiff informed Robisch that he was about to turn 68 and begin collecting Social Security.

30. Following Plaintiff's termination, Defendant reassigned Plaintiff's job duties to substantially younger employees.

31. The circumstances surrounding Plaintiff's termination, including the timing of the termination, Defendant's reliance on a single disagreement as justification, and the reassignment of Plaintiff's duties to substantially younger employees, support an inference that Plaintiff's age was the determinative factor in Defendant's decision to terminate his employment.

32. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer lost wages, lost benefits, and other economic losses.

**COUNT I**
**AGE DISCRIMINATION – ADEA (42 U.S.C. § 12112(a))**

33. Plaintiff incorporates by reference paragraphs 1 through 32 as if fully set forth herein.

34. At all relevant times, Plaintiff was over the age of 40 and was therefore a member of the class protected by the ADEA.

35. Plaintiff was qualified for his position as Operations Manager.

36. Defendant subjected Plaintiff to an adverse employment action by terminating his employment on February 2, 2026.

37. The circumstances of Plaintiff's termination give rise to an inference of age discrimination, including that Plaintiff was terminated shortly after discussing his impending 68th birthday and Social Security eligibility in Robisch's presence and that Defendant thereafter reassigned Plaintiff's duties to substantially younger employees.

38. Plaintiff's age was the but-for cause of Defendant's decision to terminate his employment.

39. Defendant's stated reasons for terminating Plaintiff were a pretext for unlawful age discrimination.

40. Defendant intentionally discriminated against Plaintiff because of his age in violation of the ADEA, including 29 U.S.C. § 623(a)(1).

41. Defendant's violation of the ADEA was willful because Defendant knew, or showed reckless disregard for whether, its conduct was prohibited by federal age-discrimination law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant and award:

A. All back pay, lost benefits, and other economic damages, together with prejudgment interest;

B. Reinstatement to Plaintiff's former position, or front pay in lieu of reinstatement;

C. Liquidated damages in an amount equal to Plaintiff's back-pay award based on Defendant's willful violation of the ADEA;

D. Equitable and injunctive relief necessary to prevent further unlawful conduct;

E. Reasonable attorneys' fees and costs; and

F. Such other relief as the Court deems just and proper.

## JURY DEMAND

**PLEASE TAKE NOTICE** that Plaintiff Victor Koszi hereby demands a trial by jury on all claims and issues so triable.

*Respectfully Submitted*,

**MANSOUR LAW, LLC**

Dated: November 12, 2026

BY: */s/ William P. Mansour*

William P. Mansour, Esquire
Pa. Attorney ID No. 318833
961 Marcon Blvd., Suite 425

Allentown, PA 18109
Tel: (610) 321-3538
Fax: (610) 798-1345
Email: wpm@themansourfirm.com

Attorney for Plaintiff Victor Koszi